IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CV-140-BO(3)

| | | |
|---|---|---|
| KATHERINE A. TYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE UNITED STATE DEPARTMENT OF AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant's Motion for Summary Judgment. For the reasons stated below, Defendant's Motion for Summary Judgment is GRANTED.

## BACKGROUND

On April 16, 2005, Plaintiff applied to the Farm Service Agency (FSA) for Crop Disaster Program (CDP) payments relating to damages sustained by her 2003 tobacco crop. Absent any damage to Plaintiff's crops, the effective price of Plaintiff's crops would have been $644,000. However, due to heavy rains, Plaintiff only produced 65% of the estimated crop output production for the 2003 crop year, which Plaintiff sold for $395,000. As a result of the loss in crop output suffered by Plaintiff, Plaintiff recovered $263,000 in insurance proceeds. Totaling Plaintiff's insurance recovery and the income Plaintiff received from the sale of her crop, Plaintiff received $658,000 relating to her 2003 tobacco crop, or 102 percent of the expected effective price for Plaintiff's 2003 tobacco crop.

Nonetheless, Plaintiff submitted an application to the FSA for CDP payments relating to damages sustained by her 2003 tobacco crop. Due to a miscalculation on behalf of Nash County

Farm Service Agency, Plaintiff and other farmers received an overpayment from North Carolina State Farm Service Agency of $80,000. In determining which farmers would receive the benefit of the finality rule and not be required to repay the overpayment they received, the FSA adopted the following rule: If a tobacco producer's total crop value fell below 92% of its Effective Quota before CDP payments and less than 110% of its Effective Quota after CDP payments, the FSA would give them the benefit of the doubt and the Finality Rule would apply. Otherwise, the tobacco producer would be considered to have had a reason to know about the overpayment and would be required to repay the sum received. On August 2, 2006, the FSA ruled that the finality rule did not apply to Plaintiff and Plaintiff had "reason to know" that the payment of $80,000 was erroneous.

On August 15, 2006, Plaintiff appealed the decision to the National Appeals Division (NAD). On December 29, 2006, NAD Hearing Officer overturned the FSA's decision. The FSA requested Director Review of the NAD Hearing Officer's decision and, on February 27, 2007, the NAD decision was reversed. On March 9, 2007, Plaintiff filed a Request for Reconsideration of this decision. On April 10, 2007, Plaintiff's request was denied.

On April 17, 2007, Plaintiff filed this action in federal district court, seeking judicial review of the United States Department of Agriculture's decision. On March 31, 2008, Defendant filed the Motion for Summary Judgment.

## DISCUSSION

A motion for summary judgment cannot be granted unless there are no genuine issues of material fact for trial. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate the lack of a genuine issue of fact for trial, and if that burden

2

is met, the party opposing the motion must "go beyond the pleadings" and come forward with evidence of a genuine factual dispute. *Celotex*, 477 U.S. at 324. The Court must view the facts and the inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). Conclusory allegations are not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.") (emphasis in original).

The Court's review of the USDA's final decision is conducted pursuant to the Administrative Procedure Act ("APA"), which provides, in relevant part, that a "reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be - (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C.A. § 706(2)(A); *Holly Hill Farm Corp., v. United States*, 447 F.3d 258, 262 (4th Cir. 2006). see *Marshall v. Cuomo*, 192 F.3d 473, 478 (4th Cir. 1999). In determining whether agency action violates § 706(2)(A), "[the Court] perform[s] 'only the limited, albeit important, task of reviewing agency action to determine whether the agency conformed with controlling statutes,' and whether the agency has committed 'a clear error of judgment.'" *Holly Hill Farm*, 447 F.3d at 263 (citing *Maryland Dep't of Human Res. v. USDA*, 976 F.2d 1462, 1475 (4th Cir. 1992)) (quoting *Baltimore Gas & Elec. Co. v. Natural Res. Def. Council, Inc.*, 462 U.S. 87, 97 (1983), and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971)). "The ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency." *Holly Hill*, 447 F.3d at 263 (quoting *Citizens to Preserve Overton Park*, 401 U.S.

3

at 416).

Evidence in the administrative record demonstrates a substantial evidentiary basis to find Plaintiff had "reason to know" that the CDP payment for her tobacco crop losses was erroneous. Based on the evidence, Plaintiff could have calculated the total effective income quota for the 2003 tobacco crop and compared that figure to the total amount Plaintiff received from the sale of the 2003 tobacco crop and the insurance recovery in order to determine her eligibility for CDP payments. Plaintiff's farm records provide that Plaintiff's actual 2003 income exceeded her effective income quota for the 2003 tobacco crop. Moreover, the fact sheet explaining CDP eligibility clearly provided the payment calculation required to be eligible for the program. In addition, Plaintiff's personal extensive experience in FSA farm programs and on the FSA county committee at the time of her application further supports that Plaintiff should have known the eligibility requirements for the program. In reviewing the record, a substantial basis for the conclusion the agency reached exists and no clear error of judgment has occurred.

## CONCLUSION

Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED, this ___8___ day of December, 2008.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE